UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE NEAL,

    Plaintiff,                                      Case No. 09-13169
                                                   Hon. Lawrence P. Zatkoff

v.

JUDITH A. RADDATZ, K. SHEETS,
and K. BEST,

    Defendants.
_____/

**ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE**

Plaintiff Maurice Neal has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims as to Defendants Sheets and Best pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

**I.**

In his complaint, Plaintiff claims that his right of access to the courts has been violated by the defendants. Plaintiff states that he has requested six hours of law library time each week in

---

[1]     28 U.S.C. § 1915(e)(2) provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> . . .
> (B) the action or appeal –
> . . .
> (ii) fails to state a claim upon which relief may be granted . . .

accordance with Policy Directive 05.03.115(N).  According to Plaintiff, he has received only three hours of law library time each week.  Plaintiff filed a "kite" (institutional grievance form) with the law librarian J.A. Raddatz about his limited library access.  When the issue was not resolved, his grievance was reviewed by the grievance coordinator, K. Sheets, and the assistant deputy warden, K. Best.  Plaintiff names as defendants in this action Raddatz, Sheets, and Best.  He seeks monetary and injunctive relief.

## II.

**A.**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law.  *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro*

*se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Despite this liberal pleading standard, the Court finds that Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

**B.**

Defendants Sheets' and Best's alleged liability is based upon their responses to Plaintiff's grievances. Plaintiff alleges no specific involvement of these Defendants in the alleged unconstitutional conduct. "The mere denial of a prisoner's grievance states no claim of constitutional dimension," *Alder v. Correctional Medical Services*, 73 F. App'x 839, 841 (6th Cir. 2003), "as there is no inherent constitutional right to an effective prison grievance procedure." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001) (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)). *See also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) (observing that the denial of an appeal of a grievance complaining of inadequate medical care is not the same as the actual denial of a request to receive medical care). Moreover, state law does not create a liberty interest in a grievance procedure. *See id.* Failure to investigate or respond to grievances does not establish a § 1983 violation. *Vandelinder v. Snow*, No. 08-CV-11584, 2008 WL 2980037, * 3 (E.D. Mich. July 31, 2008).

Accordingly, the Court will dismiss Plaintiff's claims against Defendants Sheets and Best.

### III.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Sheets and Best are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve the appropriate papers in this case on the remaining named defendant without prepayment of the costs for such

service. The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

    IT IS SO ORDERED.


                                          S/Lawrence P. Zatkoff
                                          LAWRENCE P. ZATKOFF
                                          UNITED STATES DISTRICT JUDGE

Dated: October 23, 2009

## CERTIFICATE OF SERVICE

    The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on October 23, 2009.


                                          S/Marie E. Verlinde
                                          Case Manager
                                          (810) 984-3290