UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE NEAL, #367513              Case No. 09-13169

       Plaintiff,                District Judge Lawrence P. Zatkoff

v.                                 Magistrate Judge R. Steven Whalen

JUDITH A. RADDATZ, ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff Maurice Neal, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is Defendant Judith A. Raddatz's Motion for Summary Judgment [Doc. #33], in which she alleges that Mr. Neal has not exhausted his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1997e(a). The matter has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED, and that Mr. Neal's complaint be DISMISSED WITHOUT PREJUDICE.

**I.  FACTS**

    In his complaint, Mr. Neal alleges that Ms. Raddatz, the librarian at the St. Louis Correctional Facility, is permitting him only three hours of library time (presumably per

week), rather than the six hours allowed under MDOC Policy Directives.[1]  He claims that as a result, he has been hindered in preparing a federal lawsuit against his sentencing judge. He also claims a violation of Article I, § 17 of the Michigan Constitution. As relief, he asks that a lien be placed against Ms. Raddatz's "personal property and assets" until this matter has been resolved, that he be "compensated for the inconvenience that [he is] suffering," and that he receive whatever monetary damages are allowed by law.

Because *pro se* complaints are to be construed liberally,[2] I read the complaint to also request that Mr. Neal receive the six hours of library time to which he claims entitlement.

Ms. Raddatz moves for summary judgment under 42 U.S.C. § 1997e(a), alleging that before filing suit, Mr. Neal failed to exhaust his administrative remedies provided by the MDOC's grievance policies. She alleges that Mr. Neal's Step II grievance was pending when he filed his complaint in this Court on August 12, 2009, and that he did not appeal the grievance through Step III. Attached to the motion as Exhibit A is MDOC Policy Directive ("PD") 03.02.130, which sets forth the three-step process for grieving

---

[1] Mr. Neal also named Grievance Coordinator K. Sheets and Assistant Deputy Warden K. Best as Defendants. However, Sheets and Best have been dismissed [Doc. #9], and Raddatz is the only remaining Defendant.

[2] *See Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

conditions of confinement. Exhibit B contains the grievance forms and responses concerning Grievance No. SLF-09-06-0896-28B, Mr. Neal's grievance against Ms. Raddatz. There is no Step III grievance appeal. Finally, Exhibit C is the affidavit of Richard D. Russell, the Manager of the Grievance and Appeals Section, office of Legal Affairs for the MDOC. Mr. Russell states that on June 6, 2011, he searched the relevant MDOC database, and determined that Mr. Neal "did not file any grievance to the Step III level identified as Grievance SLF-09-06-0896-28B."

This Court ordered Plaintiff to file a response to Defendant's summary judgment motion by July 5, 2011. *See* Doc. #34. To date, Plaintiff has not filed a response.[3]

## II.    STANDARD OF REVIEW

Under the Prison Litigation Reform Act (PLRA) of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought.  *Porter v. Nussle*, 534 U.S. 516, 122 S.Ct. 983, 984, 152 L.Ed.2d 12(2002); *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 1825,

---

[3] On August 11, 2011, Plaintiff filed a request for Clerk's entry of default [Doc. #36], which was denied the following day [Doc. #37]. Plaintiff also filed a somewhat cryptic "request for immediate closure" [Doc. #38], which was denied [Doc. #42], and a short "letter request for hearing" [Doc. #40]. He has not, however, responded to the allegations in Defendant's summary judgment motion.

149 L.Ed.2d 958 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387,165 L.Ed.2d 368 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Id.*, 548 U.S. at 90, 126 S.Ct. at 2385. Thus, whether a claim is "properly exhausted" under the PLRA requires an examination of the particular institution's administrative rules and regulations regarding prisoner grievances.

However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones v. Bock,* 549 U.S. 199, 216, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Under *Jones*, it is Defendant's burden to assert non-exhaustion as an affirmative defense. *Id.*; *Grinter v. Knight,* 532 F.3d 567 (6th Cir.2008). *Jones v. Bock* overruled a long line of Sixth Circuit cases that placed the burden of pleading and supporting exhaustion on plaintiffs.

Under the PLRA, a dismissal for failure to exhaust nonjudicial remedies is without prejudice. *Boyd v. Corrections Corp. of America,* 380 F.3d 989, 994 (6th Cir.2006) (citing *Knuckles El v. Toombs,* 215 F.3d 640 (6th Cir.2000)); *McCloy v. Correctional Medical Services*, 794 F.Supp.2d 743, 751 (E.D.Mich. 2011).

In *Jones v. Bock,* 127 S.Ct. at 921, the Supreme Court suggested in dicta that failure to exhaust might be a basis for dismissal under Rule 12(b)(6). However, in *Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007), the Sixth Circuit found that a dismissal based on exhaustion may be distinct from a dismissal for failure to state a claim upon

-4-

which relief may be granted. *See also Snider v. Melindez,* 199 F.3d 108, 112 (2d Cir.1999) (concluding that failure to state a claim as used in § 1997e(c) and § 1915(g) does not include failure to exhaust administrative remedies). In *Melton v. Michigan Corrections Commission*, 2009 WL 722688 (E.D. Mich. 2009), the Court granted a motion for summary judgment, dismissing the complaint without prejudice for failure to exhaust. In the present case, the Defendant has framed her request as a motion for summary judgment.

In the context of the PLRA, a plaintiff's failure to exhaust administrative remedies does not seem to fit within Fed.R.Civ.P. 12(b)(6). After *Jones v. Bock*, failure to exhaust is not a pleading requirement, so there is no determination of whether a plaintiff has stated a claim on the face of the complaint. And unlike the typical 12(b)(6) motion, dismissal is without prejudice.[4] Rule 12(b)(1) (subject matter jurisdiction) clearly does

---

[4] If viewed as a Rule 12(b)(6) motion, a dismissal for failure to exhaust could also lead to the dismissal counting as a "strike" under the "three strikes" rule of 28 U.S.C. § 1915(g), which precludes granting IFP status to an inmate who has had three or more previous civil actions dismissed as frivolous or for failure to state a claim. In *Thompson v. Drug Enforcement Administration*, 492 F.3d 428, 438 (6th Cir. 2007), the Sixth Circuit stated in dicta:

> "With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint *sua sponte* and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike."

Nevertheless, in *Booth v. Carril*, 2007 WL 295236, *3-4 (E.D. Mich. 2007), the

not apply, since "the PLRA exhaustion requirement is not jurisdictional." *Woodford v. Ngo*, 548 U.S. 81, 101, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Summary judgment seems inapposite since there is no determination of the merits of the case, and "judgment" is not entered. *See Studio Electrical Technicians Local 728 v. International Photographers of Motion Picture Industries, Local 659*, 598 F.2d 551, 552 (9th Cir. 1979) ("Summary judgment is on the merits," and failure to exhaust, as a matter in abatement, "ordinarily" does "not deal with the merits."). *But see McCloy v. Corr. Med. Srvcs., supra* (treating exhaustion motion as a motion for summary judgment).

    A number of courts have characterized a request to dismiss for failure to exhaust nonjudicial remedies as "subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment." *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003). *See also Johnson v. Gregoire*, 2008 WL 5156428, *3 (W.D. Wash. 2008), citing *Ritza v. International Longshoremen's and Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988) ("finding that while no defense described in 12(b)(1) through (7) encompasses failure to exhaust, federal courts traditionally have entertained certain pre-answer motions not expressly provided for by rule, and authority to hear such motions lies in federal

---

court held categorically that "a routine dismissal for failure to exhaust administrative remedies does not count as a 'strike' under § 1915(g)." *See also Green v. Young*, 454 F.3d 405 (4th Cir. 2006) ("Because a dismissal for failure to exhaust is not listed in § 1915(g), it would be improper for us to read it into the statute."); *Snider v. Melindez, supra*. I am inclined to agree with the reasoning of *Booth*, *Green* and *Snider*. However, the absence of a clear directive from the Sixth Circuit is yet another reason to not treat these matters as Rule 12(b)(6) motions.

court's inherent power to regulate actions pending before it"); *Thrasher v. Garland L*, 2007 WL 3012615, *1-2 (W.D. Wash. 2007) ("The proper motion to bring when asserting failure to exhaust administrative remedies...is an unenumerated 12(b) motion....").

Whether the Court treats this as a motion for summary judgment or an unenumerated 12(b) motion, the result will be the same: if granted, the dismissal will be without prejudice, and it will not count as a "strike" under 28 U.S.C. § 1915(g). But the latter approach is more consistent with the true nature of the motion, and I will therefore construe it as an unenumerated Rule 12(b) motion.[5]

### III.   DISCUSSION

The MDOC provides prison inmates a detailed procedure for bringing forward complaints, which is set forth at MDOC Policy Directive (PD) 03.02.130. This grievance procedure consists of four acts an inmate must undertake prior to seeking judicial review, each with specific time limits. First, within two business days after becoming aware of a grievable issue, the inmate must attempt to verbally resolve the dispute with those involved. If such an attempt is not possible, or if it is unsuccessful, the inmate must then file a Step I grievance form within five days. The prison staff is required to respond in writing within 15 days, unless an extension is granted by the grievant. If the inmate is not satisfied with the response, he must request a Step II appeal

---

[5] I see no reason that such motion could not also simply be designated a "motion to dismiss pursuant to 28 U.S.C. § 1997e(a)," and just leave it at that.

form and file it within ten days after receiving the Step I response.

If the inmate is dissatisfied with the result at Step II, he or she has ten business days to appeal to Step III. The Step III appeal is handled by the MDOC Director or his designee at the Prisoner Affairs Section, Office of Program Services, in Lansing, Michigan. The Step III response concludes the standard administrative process.

Defendant has submitted as Exhibit B the Plaintiff's Grievance Appeal Forms regarding his complaint against her. There is no Step III appeal form. Defendant has also submitted as Exhibit C the unopposed affidavit of the MDOC's Manager of the Grievance Appeals Section, who states that he searched the relevant MDOC database and records maintained in the Grievance and Appeals Section, and that Plaintiff did not file any grievance to the Step III level.

The Defendant has therefore carried her burden of showing that the Plaintiff did not complete the MDOC's administrative grievance procedure prior to filing his complaint in this Court. Because proper exhaustion is mandatory under 28 U.S.C. § 1997(e)(a), the complaint must be dismissed without prejudice. *Porter v. Nussle, supra*; *Boyd v. Corrections Corp., supra*.

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's motion [Doc. #33], construed as an unenumerated Rule 12(b) motion to dismiss, be GRANTED, and that the complaint be DISMISSED WITHOUT PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen

-8-

(14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Date: January 12, 2012

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 12, 2012.

| | |
|---|---|
| Maurice Neal, #367513<br>Mound Correctional Facility<br>17601 Mound Road<br>Detroit, MI 48212 | s/Johnetta M. Curry-Williams<br>Case Manager |
| Community Program, Inc<br>c/o Maurice Neal<br>1435 N. Oakland Blvd<br>Waterford, MI 48327-1549 | |